RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los Sres. MANUEL LEÓN PARRA, Presidente, FRANCISCO PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, recurrida; y SANTOS TORRES y RAMONA RODRÍGUEZ, peticionarias ante la Comisión.

Núm. 170.—*Sometido:* Mayo 29, 1939. *Resuelto:* Julio 24, 1939.

*Hon. Procurador General B. Fernández García, E. de Aldrey, Procurador General Auxiliar, y Víctor J. Vidal González y Guillermo Atiles Moréu, abogados los dos últimos del Fondo del Estado, abogados del recurrente; M. León Parra, abogado de la recurrida; J. Valldejuly Rodríguez, abogado de las peticionarias ante la Comisión.*

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Rodrigo Rodríguez era policía insular y prestaba servicios en Naguabo el 24 de marzo de 1938. En la noche de ese día, efectuaba una investigación en la casa de Herminio Espinosa, en la calle De Diego de dicha población, persiguiendo un individuo de malos antecedentes que solía frecuentar la casa indicada. No pudo encontrar el sujeto que buscaba, pero mientras se hallaba en los alrededores de aquel sitio, que según resulta de la prueba era considerado peligroso para la policía, llegó un individuo llamado Luis Meléndez, enemigo del policía Rodríguez. Conforme aparece de la prueba, el referido Meléndez manifestó en presencia del policía que él y dicho policía eran enemigos y que "se tenían ganas", porque Rodríguez lo había denunciado y había tenido que cumplir unos meses de cárcel. El policía manifestaba que lo había tenido que denunciar en cumplimiento de su deber. El lenguaje usado por Meléndez con el policía era irrespetuoso y desafiante, según aparece de la prueba. Llegó a tal grado la discusión que el policía se despojó del revólver que portaba y se fué a las manos con Meléndez. Este último logró apoderarse del revólver del policía y disparó varias veces contra él, logrando matarlo.

El Administrador del Fondo del Estado resolvió que el policía se había enfrascado innecesariamente en una discusión personal con Meléndez después de haber terminado la investigación en la casa de Espinosa, y que por consiguiente su muerte no ocurrió como consecuencia del desempeño de sus

funciones como policía insular. Por estas razones negó la compensación solicitada por sus beneficiarias.

Recurrieron éstas para ante la Comisión Industrial, la que revocó la resolución del Administrador del Fondo del Estado y decidió que Rodrigo Rodríguez perdió la vida por un accidente que provino de un acto o función inherente a su empleo, y ocurrió en el curso de éste y como consecuencia del mismo, y que las peticionarias, su viuda Ramona Rodríguez Torres y su madre Santos Torres González, dependían de lo que ganaba el fenecido y tenían derecho a la compensación que determina la ley.

No estando conforme el Administrador del Fondo del Estado con la citada resolución, después de solicitar su reconsideración y serle denegada, interpuso este recurso de revisión que basa en los siguientes errores que imputa a la Comisión Industrial:

"1. La Comisión Industrial de Puerto Rico cometió error al admitir en evidencia y considerar en la resolución del caso presente, la copia que del informe de los sucesos relacionados con la muerte del policía Rodrigo Rodríguez hiciera la policía insular, por constituir dicho informe prueba de referencia, incompetente a los fines de establecer los hechos que se pretendía probar.

"2. La Comisión Industrial cometió error al admitir en evidencia y considerar en la resolución a los fines de determinar la compensabilidad del caso el testimonio del Sr. Francisco A. Irizarry sobre el pago que se hizo a la viuda del policía insular Rodrigo Rodríguez, de acuerdo con lo dispuesto en la Ley 14 de 1915 (pág. 44) titulada 'Ley para Indemnizar la Vida de los Miembros de la Policía Insular que Mueren en el Ejercicio de su cargo, y para otros fines,' por ser dicha prueba inmaterial, de referencia e incompetente.

"3. La Comisión Industrial cometió error al resolver que la muerte del policía Rodrigo Rodríguez provino de un acto o función inherente a su empleo y ocurrió en el curso de éste y como consecuencia del mismo.''

██ A nuestro juicio, independientemente de la evidencia de cuya admisión se queja el recurrente, existe prueba bastante y competente para sostener la resolución de la Comisión Industrial, por lo que resultaría académico resolver si

cometió o no error alguno la Comisión al admitir la evidencia objetada por el recurrente. Los siguientes párrafos de la resolución recurrida, de 21 de marzo último, exponen perfectamente las conclusiones de hecho y de derecho a que llegó la Comisión, con las cuales estamos enteramente conformes:

"Precisamente por estar cumpliendo con sus funciones como policía insular fué que le ocurrió el accidente que culminó con su muerte al policía Rodrigo Rodríguez. La prueba es clara en cuanto a que el policía Rodríguez, cuando surgió la discusión que tuvo tan trágico desenlace, estaba cumpliendo con su deber al practicar el registro en la casa de Luis Espinosa buscando un individuo llamado Torrentino, acusado de un delito de hurto. Y la prueba nos dice además, que ese sitio—casa de mujeres de mal vivir—era frecuentado por el tal Torrentino; y fué en el momento en que, terminado el registro y cuando el policía hablaba con el dueño de la casa indicándole que si veía a ese sujeto por allí le avisara a él (al policía), fué entonces que entró en la referida casa el sujeto Luis Meléndez Caballer, sujeto éste que le tenía mala voluntad al policía porque éste en cierta ocasión tuvo que denunciarlo y como consecuencia de esa denuncia fué encarcelado por tres meses. No se podría, por lo tanto, sostener que cuando le ocurrió el accidente que privó de la vida al policía Rodrigo Rodríguez, no estaba éste en el cumplimiento de su deber y que no fué consecuencia de su deber como tal policía, puesto que ya la prueba ha demostrado la mala voluntad que Luis Meléndez Caballer le tenía al policía Rodríguez, por haberlo éste denunciado y tenido que cumplir una condena.

"Muchos son los casos que bajo la actual Ley de Compensaciones por accidentes del Trabajo ha tenido que resolver la Comisión Industrial, cuando a los beneficiarios de aquéllos que han muerto en el cumplimiento de su deber les ha sido denegada la compensación por el Administrador del Fondo del Seguro del Estado, y, aunque el caso de autos se aparta un poco de los casos corrientes, por cuanto que pudiera alegarse que la causa que motivara la discusión entre el policía y Luis Meléndez Caballer fuera algo remota, sin embargo, entendemos que de no haber sido por esa circunstancia, la discusión que degeneró en tan trágico suceso no hubiera nunca surgido."

*Procede, por lo expuesto, confirmar la resolución recurrida dictada en el caso C.I. 4919, de 21 de marzo último.*

El Juez Asociado Sr. Travieso no intervino.